JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
J & J Sports Productions, Inc.,

**DEFENDANTS**
Beehive Cigars, LLC and Kendrick Woolstenhulme,

**(b)** County of Residence of First Listed Plaintiff: Santa Clara
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Salt Lake
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lundberg & Associates, PC
3269 South Main Street, Suite 100, Salt Lake City, UT 84115
801-263-3400

Attorneys *(If Known)*
Joseph R. Goodman

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☒ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 605, 47 U.S.C. 553
Brief description of cause:
Violation of 47 U.S.C. 605, violation of 47 U.S.C., conversion, for interception and display of fighting match.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 320,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/10/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Hillary R. McCormack

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Brad G. DeHaan (# 08168)
Hillary R. McCormack (#11719)
Lundberg & Associates, PC
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
LitigationDept@lundbergfirm.com

Attorneys for Plaintiff
L&A Case No. 16.65370.1/KF

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BEEHIVE CIGARS, LLC AND KENDRICK WOOLSTENHULME, <br><br> Defendants. | COMPLAINT <br><br> Civil No. <br><br> Judge |

JURISDICTION

1.   Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to the following federal statutes: Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2.   This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject

matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as the exclusive commercial domestic distributor of the televised fight (the "Program") hereinafter set forth at length. Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of plaintiff within the control of the plaintiff in the State of Utah.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff J & J Sports Productions, Inc. ("plaintiff") is and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

6. Defendant Kendrick Woolstenhulme ("defendant Woolstenhulme") is a resident of the State of Utah who owns and operates the commercial establishment Beehive Cigars, LLC located at 1860 South 300 West, Suite D, Salt Lake City, UT 84115.

7. Defendant Beehive Cigars, LLC ("defendant Beehive") is a Utah limited liability company operating in the state of Utah at 1860 South 300 West, Suite D, Salt Lake City, UT 84115.

8. On or about February 28, 2015, the night of the Program described herein, defendant Woolstenhulme had the right and ability to supervise the activities of Defendant Beehive, which included the unlawful interception of plaintiff's Program.

9. On or about February 28, 2015 (the night of the Program at issue herein, as more specifically defined in paragraph 13), defendant Woolstenhulme either himself personally or specifically directed the employees of defendant Beehive to unlawfully intercept and broadcast plaintiff's Program at defendant Beehive's business location of 1860 South 300 West, Suite D, Salt Lake City, UT 84115.

10. Defendant Woolstenhulme is directly responsible for the supervision of employees of defendant Beehive, and the actions of employees of defendant Beehive are directly imputable to defendants Woolstenhulme and Beehive.

11. On or about February 28, 2015, defendant Woolstenhulme, individually and as owner of defendant Beehive, and defendant Beehive, had an obvious and direct financial interest in the activities of defendant Beehive which included the unlawful interception of plaintiff's Program.

12. The unlawful broadcast of plaintiff's Program, as supervised and/or authorized by defendant Woolstenhulme, resulted in increased profits for defendant Beehive.

13. Defendant Woolstenhulme is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Beehive Cigars, LLC operating at 1860 South 300 West, Suite D, Salt Lake City, UT 84115.

<u>COUNT I</u>

(Violation of Title 47 U.S.C. Section 605)

14. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-13, inclusive, as though set forth herein at length.

15. Pursuant to contract, plaintiff was granted the exclusive nationwide commercial distribution (closed-circuit) rights to *Ultimate Fighting Championship 184: Ronda Rousey v. Cat Zingano* telecast nationwide on Saturday, February 28, 2015, including all under-card bouts and fight commentary encompassed in the television broadcast of the event, herein referred to as the Program.

16. Pursuant to contract, plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the state of Utah, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

17. As a commercial distributor and licensor of sporting events, including the Program, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

18. With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named defendants, either through direct action or through actions of employees or agents directly imputable to defendants did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment located at 1860 South 300 West, Suite D, Salt Lake City, UT 84115.

19. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

20. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the Program for which plaintiff had the distribution rights).

21. By reason of the aforesaid mentioned conduct, each of the aforementioned defendants violated Title 47 U.S.C. Section 605, *et seq.*

22. By reason of defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, plaintiff. has a private right of action pursuant to Title 47 U.S.C. Section 605.

23. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, plaintiff is entitled to the following from each defendant:

    (a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (b) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT II
(Violation of Title 47 U.S.C. Section 553)

24. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-23, inclusive, as though set forth herein at length.

25. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by the above named defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

26. By reason of the aforesaid mentioned conduct, each of the aforementioned defendants violated Title 47 U.S.C. Section 553, *et seq.*

27. By reason of defendants' violation of Title 47 U.S.C. Section 553, *et seq.*, plaintiff has a private right of action pursuant to Title 47 U.S.C. Section 553.

28. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 553, plaintiff is entitled to the following from each defendant:

    (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

    (b) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

    (c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

    (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT III
(Conversion)

29. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-28, inclusive, as though set forth herein at length.

30. By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the Program at their commercial establishment at the above-captioned address, the aforementioned defendants, tortiously obtained possession of the Program and wrongfully converted same for their own use and benefit.

31. The aforesaid acts of the defendants were willful, malicious, egregious, and intentionally designed to harm plaintiff by depriving plaintiff of the commercial license fee to which plaintiff was rightfully entitled, and in doing so, defendants subjected plaintiff to severe economic distress and great financial loss.

32. Accordingly, plaintiff is entitled to compensatory, punitive and exemplary damages defendants as the result of defendants; egregious conduct, theft, and conversion of the Program and deliberate injury to plaintiff.

## PRAYER

WHEREFORE, plaintiff prays for judgment as set forth below.

As to the First Count:

A. For statutory damages in the amount of $100,000 against each defendant;

B. For reasonable attorneys' fees as mandated by statute;

C. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

D. For such other and further relief as this Honorable Court may deem just and proper;

As to the Second Count:

A. For statutory damages in the amount of $60,000.00 against each defendants;

B. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute; and

C. For all costs of suit, including but not limited to filing fees, service process fees, investigative costs, and;

D. For such other and further relief as this Honorable Court may deem just and proper.

As to the Third Count:

A. For compensatory damages in an amount according to proof against each defendant;

B. For exemplary damages against the Defendants, and each of them;

C. For punitive damages against the Defendants, and each of them;

D. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute;

E. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs; and

F. For such other and further relief as this Honorable Court may deem just and proper.

Dated this _____ day of March, 2016.

Respectfully submitted,

LUNDBERG & ASSOCIATES, PC

/s/ Hillary R. McCormack
Hillary R. McCormack
Attorneys for Plaintiff